IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1459-CFC |
| | ) | **ANDA CASE** |
| SUN PHARMACEUTICAL INDUSTRIES | ) | |
| LTD. and SUN PHARMACEUTICAL | ) | |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(c)**

**WHEREAS** the parties to the above-captioned action (the "Action"),
Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk")
and Defendants Sun Pharmaceutical Industries Ltd. ("SPIL") and Sun
Pharmaceutical Industries, Inc. ("SPI") (collectively, "Defendants") have, through
counsel, in accordance with the Scheduling Order entered in this Action (D.I. 17),
and pursuant to Federal Rule of Civil Procedure 26(c), conferred and stipulated to
entry of this Protective Order (the "Order");

**WHEREAS** the parties to the Action may seek discovery of information,
documents, or tangible items that may constitute or contain sensitive, proprietary
information, such as trade secrets or other confidential research, development or

commercial information, of other parties or third parties within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure;

**WHEREAS** such sensitive, proprietary information, such as trade secrets or other confidential research, development or commercial information must be protected in order to preserve the legitimate business interests of the parties or other persons;

**WHEREAS** the parties wish to enter this Order to govern the disclosure, production, and use of information, documents, and tangible items in connection with the Action;

**WHEREAS** entry of this Order will advance the Action and prevent unnecessary dissemination or disclosure of sensitive, proprietary information, such as trade secrets or other confidential research, development or commercial information; and

**WHEREAS** the parties have established good cause for entry of this Order;

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS**:

## I.    SCOPE OF PROTECTIVE ORDER

**A.    Confidential Information.**  Any producing person, party, or third party ("Producing Party") may, subject to the exceptions recited in Section I.D., designate

any information, document, or tangible item to be disclosed and/or produced to any other person or party ("Receiving Party") as "CONFIDENTIAL INFORMATION" if the Producing Party claims in good faith that such information, document, or tangible item embodies, constitutes, contains, reveals, relates to, or reflects process, operation, technical, production, shipment, personnel or other proprietary or confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).  Information, documents, or tangible items that may be designated CONFIDENTIAL INFORMATION include, but are not limited to, those regarding: any regulatory submission and correspondence related thereto; research and development; legal; business, sales, financial, and competitive strategies; trade secrets; papers filed under seal in connection with any judicial or administrative proceeding other than the Action; papers subject to any other judicially or administratively accepted obligation of confidentiality; pending United States and foreign patent applications; non-public pleadings filed in domestic and foreign patent office proceedings (including, but not limited to *inter partes* review proceedings); current and future business plans; financial data, including sales, costs of manufacture, costs of goods sold, and profitability information for any product; and marketing information for any product.  The Producing Party must give notice, as provided in this Order, that such information, document, or tangible item comprises or contains CONFIDENTIAL INFORMATION.  Disclosure of any

information, document, or tangible item designated CONFIDENTIAL INFORMATION shall be limited to persons identified in Section IV.A. Any information, document, or tangible item produced pursuant to District of Delaware Local Rule 26.2 prior to entry of this Order shall be treated as if it were designated CONFIDENTIAL INFORMATION.

**B.    Highly Confidential Information.**  In the event that a Producing Party believes that any information, document, or tangible item requested by the Receiving Party is so highly sensitive such that disclosure of the same to third parties could harm the competitive commercial position of the producing party or of a third party, such that the information, document, or tangible item should be reviewed on an outside counsel eyes' only basis, the Producing Party may in good faith designate such information, document, or tangible item as "HIGHLY CONFIDENTIAL INFORMATION." Disclosure of information, documents, or tangible items designated HIGHLY CONFIDENTIAL INFORMATION shall be limited to persons pursuant to Section IV.B.  Absent a showing of good cause or otherwise agreed by the parties, no Party may designate more than fifty (50) documents as "HIGHLY CONFIDENTIAL INFORMATION."  Any concerns over designations of information, documents, or tangible items as "HIGHLY CONFIDENTIAL

INFORMATION" shall be resolved pursuant to the Court's procedures for resolving discovery disputes.

C.    **Designated Confidential Information.**    Designated Confidential Information shall mean and include any information, document, or tangible item that has been marked as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as provided herein. Any item of Designated Confidential Information shall bear only one of the two confidentiality designations.

D.    **Non-Confidential Information.** Designated Confidential Information shall not include:

1.    Information that was or is in the public domain at the time of disclosure, not in violation of this Order;

2.    Information that, after disclosure, is published or becomes part of the public domain, not in violation of this Order, and through no fault of a Receiving Party, but only after it is published or comes into the public domain;

3.    Information that is in the possession of a Receiving Party without any confidentiality obligations at the time of disclosure, and that was received from a source that possessed the right to disclose without any such confidentiality obligations;

4.    Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure;

5.    Information discovered independently by the Receiving Party, not in violation of this Order; or

6.    Information that was, is, or becomes expressly released from being Designated Confidential Information by the Producing Party or by order of the Court.

**E.    Designation of Designated Confidential Information.**    All information, documents, or tangible items to be produced that the Producing Party wishes to designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must, prior to production to the Receiving Party, be labeled by the Producing Party with the legend: **"CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER"** or **"HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER,"** as appropriate.

**F.    Documents for Inspection.**  All information, documents, or tangible items made available for inspection (such as for selection of materials for copying and production) shall be treated as information designated CONFIDENTIAL INFORMATION until produced by the Producing Party.  Once produced, the

information, documents, or tangible items shall be treated as labeled by the Producing Party under the provisions of this Order.

**G.    Depositions and Oral Disclosures.**  All information to be disclosed at a deposition, or otherwise orally, shall be automatically designated as CONFIDENTIAL INFORMATION for a period of thirty (30) days from the date orally disclosed or, in the case of disclosure at a deposition, from the date that the official deposition transcript becomes available for the witness's review.  Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the Receiving Party before the expiration of the thirty-day period, counsel for the Producing Party claims in good faith that the disclosure (or specified portion(s) of it, *e.g.*, in the case of a deposition transcript) contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the Producing Party states on the record that certain portions or the entirety of the deposition transcript contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  The court reporter must mark the transcript accordingly pursuant to the specified designation.

**H.    Subsequent Depositions.**  In the event a party uses a deposition transcript or information therefrom to examine a witness in a subsequent deposition who is not authorized to receive Designated Confidential Information under the

terms of this Order, and said deposition occurs within the thirty-day period during which the deposition transcript is automatically designated as CONFIDENTIAL INFORMATION, the Receiving Party must notify the Producing Party of its intent to use the deposition transcript or information therefrom as soon as is reasonable under the circumstances, and the Producing Party must thereafter notify the Receiving Party as soon as is reasonable under the circumstances, but prior to the subsequent deposition, which testimony in the deposition transcript (whether rough draft or final), or information therefrom, it considers Designated Confidential Information, as well as the designation under the Order. If the witness in the subsequent deposition is not authorized to view the transcript or information therefrom under its asserted designation, the transcript or information therefrom shall not be disclosed to the witness.

**I.    Written Discovery and Testimonial Documents.**  Each page of any correspondence, any written discovery request or response (including interrogatories, document requests, and requests for admission), or any report of an expert witness that constitutes or contains Designated Confidential Information shall be labeled or marked as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION when served on the Receiving Party.

**J.    Treatment of A Party's Own Designated Confidential Information and Information Subject to Section I.D.**  The restrictions and obligations set forth

in this Order relating to Designated Confidential Information shall not apply to any information, documents, or tangible items that fall within the categories recited in Section I.D.  Further, this Order shall not impose any restrictions or obligations on a party's use of its own Designated Confidential Information.  The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any Designated Confidential Information if said person or entity already has legitimate possession thereof.

**K.    New Parties.**  In the event that a new party is added, substituted, or joined to this Action, or this Action is consolidated with another action, this Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Order.

**L.    Copies and Compilations.**  This Order also applies to all copies, summaries, translations, abstracts, or similar compilations that disclose a designating party's Designated Confidential Information.  Any designation of Designated Confidential Information shall apply to any copies, summaries, translations, abstracts or similar compilations of such Designated Confidential Information.

## II.    DESIGNATION OF DOCUMENTS

Each page of each document produced in discovery shall, to the extent practicable, bear a Bates number comprising a prefix identifying the Producing Party

and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a Bates number comprising a prefix identifying the Producing Party and a unique identifying number. A party's designation under the provisions of this Order shall constitute a representation that counsel for the Producing Party believes in good faith that the designation is appropriate under the standards set forth herein.

Except as otherwise provided in this Order or as otherwise stipulated or ordered, any information, document, or tangible item that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, subject to any provision of this Order allowing for later designation.

## III.    USE OF DESIGNATED CONFIDENTIAL INFORMATION

Except as permitted by this Order, all Designated Confidential Information that is disclosed or produced in connection with the Action shall: (A) be maintained in strict confidence by the Receiving Party; (B) be used solely in connection with this Action and any appeal of it, and not for any other purpose; and (C) not be disclosed to, or used by, any individual or entity except as permitted by this Order.

If another defendant is added to this action, the parties and the added defendant will discuss appropriate provisions limiting or allowing, as appropriate, the disclosure of one defendant's Designated Confidential Information to the in-house counsel, outside counsel of record, and expert of another defendant.

## IV. ACCESS TO DESIGNATED CONFIDENTIAL INFORMATION

**A.** Access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons, and in the following manner, except as otherwise provided in this Order:

1. Outside litigation counsel of record for the Receiving Party in the Action, the staff of said outside counsel, and those attorneys who are employed by the law firms of record for the Receiving Party and who need access to such information;

2. No more than three (3) in-house counsel for either side who either have responsibility for the litigation of this Action, or who are assisting outside counsel in the litigation of this Action ("Corporate Legal Representative"), in addition to the secretarial and clerical employees who work regularly with such individuals. Each identified Corporate Legal Representative shall execute an acknowledgement and undertaking in the form of **Exhibit A**, which shall be served on all other parties to the Action, before accessing any CONFIDENTIAL INFORMATION. Only upon written notice to all other parties to the Action and upon delivery of an executed form of acknowledgement and undertaking in the form of **Exhibit A** to

the Producing Party, an individual identified as having access to CONFIDENTIAL INFORMATION may be replaced by another Corporate Legal Representative on a one-for-one basis, so long as there are no more than three (3) Corporate Legal Representatives for any Party at any time.  No Party may attempt to exceed three (3) Corporate Legal Representatives by regularly and/or repeatedly replacing its Corporate Legal Representative pursuant to this Section.  Any concerns that this Section is being abused may be resolved pursuant to the Court's procedures for resolving discovery disputes.

3.      Outside experts or consultants for the Receiving Party who are not employees of a Receiving Party and who are retained in connection with the dispute between the parties to this Action, and their supporting personnel (who may not include employees of a Receiving Party), only to the extent necessary to carry out duties related to this Action; provided that the disclosure of Designated Confidential Information to any such expert or consultant shall be made only after:

a.      Counsel desiring to disclose Designated Confidential Information to such an expert or consultant obtains a

completed and signed acknowledgement and undertaking in the form of **Exhibit A** attached hereto from the expert or consultant and forwards to counsel for the Producing Party: (i) a copy of said completed and signed acknowledgement and undertaking, (ii) the expert's or consultant's current *curriculum vitae*, and (iii) a list of cases in which the expert or consultant has given trial and/or deposition testimony in the preceding four (4) years. For the avoidance of doubt, the above disclosures need not be made for the staff or support personnel of any consultant or expert, nor shall the staff or support personnel of any consultant or expert be required to sign an undertaking in the form of Exhibit A provided the consultant or expert acknowledge that their staff and/or support personnel will abide by this Order; and

b.    During the ten-day period commencing with the receipt by counsel for the Producing Party, by electronic or other means, of a copy of the materials listed in Section IV.A.3.a, counsel for the Producing Party may object in good faith to the disclosure of Designated

Confidential Information to the expert or consultant for cause, *e.g.*, an identified conflict of interest, with a written objection setting forth with particularity the grounds on which the objection is based. If counsel for the Producing Party does not object to such disclosure within the ten-day period, any objection to such disclosure is deemed waived, except as to a basis for objection that was not known and could not reasonably have been discovered within the ten-day period. In the event that a good-faith objection is made within the ten-day period, there shall be no disclosure of Designated Confidential Information to the expert or consultant until there is an express written agreement of the parties or Order of the Court removing the objection. The party seeking disclosure to an objected-to expert shall attempt to resolve the objection through a meet and confer with the objecting party within three (3) business days of receiving the written objection. If the objection is not resolved, the party who made the objection shall have seven (7) days from the meet and confer to seek an Order of the Court requesting a ruling on the objection.

Failure by the objecting party to raise the issue with the Court within seven (7) days shall be deemed a waiver of the objection.

4.   Trial consultants, e-discovery vendors, graphics or design firms, copying vendors, and information technology consultants retained by the Receiving Party and/or outside counsel for the Receiving Party for the purpose of preparing, organizing, copying, and otherwise using Designated Confidential Information for purposes solely related to the Action, including their supporting personnel;

5.   Licensed court reporters and videographers employed in connection with this Action solely involved for the recordation and transcription of deposition or court proceedings or for like purposes at the request and consent of the parties;

6.   Authors, creators, addressees, and other recipients of Designated Confidential Information, who, prior to the commencement of the Action, lawfully received or had access to that Designated Confidential Information;

7.   Former employees of the Producing Party disclosing the information, document or tangible item containing Designated

Confidential Information provided that the employee is a witness or deponent and was both listed as an author or recipient of the information, document, or tangible item and was a current employee of the Producing Party, or its predecessor in interest, as of the date of the information, document, or tangible item; or, from the face of the document, it appears that the witness or deponent had either seen or possessed the document during the time they were a current employee of the Producing Party;

8.      This Court and its authorized personnel; and

9.      Any person or entity agreed to in writing by the Producing Party.

**B.**     Access to HIGHLY CONFIDENTIAL INFORMATION shall be strictly limited to the persons defined and identified in Sections IV.A.1, 3-9, on the conditions specified therein.

**C.**     Any individual specified in Sections IV.A.1-2 who receives access to DESIGNATED CONFIDENTIAL INFORMATION and actually reviews DESIGNATED CONFIDENTIAL INFORMATION that is produced by a Producing Party may not:

1.      For the length of this Action plus three (3) years after final termination of this Action, including any appeals, have competitive business decision making responsibilities for

developing pricing, sales, marketing, or commercial strategies related to injectable semaglutide products indicated for the treatment of obesity. For the avoidance of doubt, "competitive business decision-making" does not include purely legal decision-making responsibilities relating to semaglutide products. For example and without limitation, the following activities are not competitive business decision-making: (a) supervising, negotiating or executing an agreement settling litigation, including responsibilities related to any financial terms of such an agreement and responsibilities relating to advising about launch dates; (b) providing advice as to whether a particular product design is legally permissible, including whether a particular product design would infringe intellectual property rights and/or advice as to design changes or alternative designs; (c) providing legal advice regarding product launch, generic entry, authorized generics, or regulatory matters regarding injectable semaglutide products indicated for the treatment of obesity, including, for example, advice regarding ANDA amendments, except as prohibited in Section IV.C.3; (d) supervising this Action, or any action related to semaglutide

17

products, and/or (e) providing general legal advice to a party regarding semaglutide therapies. Two (2) years after final termination of this Action, including any appeals, any individual subject to this paragraph may request consent from the Producing Party that the restrictions of this paragraph terminate, which consent shall not be unreasonably withheld.

2.   For the length of this Action plus two (2) years after final termination of this Action, including any appeals, be directly or indirectly involved in the prosecution of patents involving semaglutide injection or injectable devices that would cover a product proposed in an ANDA that is the subject of this Action or any amendment or supplement thereto. For purposes of this Order, "prosecution" means substantive involvement in drafting, amending, or crafting patent claims, including without limitation any patent application claiming priority to any patent asserted in this Action, before any foreign or domestic agency, including the PTO. For the avoidance of doubt, the restrictions under this paragraph ("Prosecution Bar") do not otherwise prohibit involvement in prosecution of a patent application, including drafting or amending claims, directed to other subject matter.

18

"Involvement" means directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, but excludes performing a supervisory or administrative role that does not meet the above defined criteria. The provisions of this paragraph do not prevent representation of a party in a patent challenge before a domestic or foreign patent agency (including, but not limited to, any reissue, reexamination proceeding, interference, inter partes review proceeding brought under 35 U.S.C. § 311 et seq., or post-grant review brought under 35 U.S.C. § 321 et seq.), subject to the claim-drafting bar above. The restrictions under this Prosecution Bar will take effect when the impacted individual actually reviews the DESIGNATED CONFIDENTIAL INFORMATION and will end (i) two (2) years after final termination of this Action, including any appeals or (ii) in the case of an attorney representing a Receiving Party who has reviewed DESIGNATED CONFIDENTIAL INFORMATION and withdraws from this Action before its termination, two (2) years after such attorney's withdrawal from representation of the Receiving Party in this Action. The parties expressly agree that the Prosecution Bar is personal to the

affected individual and should not be imputed to any attorneys, in-house personnel, or other persons at the affected individual's firm or company. It is expressly agreed that attorneys, in-house personnel, or other persons who work on this matter who do not actually review DESIGNATED CONFIDENTIAL INFORMATION by a Producing Party shall not be subject to the Prosecution Bar. Moreover, nothing shall prevent any attorney or in-house personnel from sending prior art to an attorney or in-house personnel involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor, so long as the attorney or in-house personnel is not advising and/or discussing with said person the scope of any claim or amendments to a claim, including addition of new claims to an application.

3.     For the length of this litigation plus two (2) years after final termination of this Action, including any appeals, be involved in any petitioning, counseling, or litigation before or involving the FDA that would prohibit or delay approval of Defendants'

ANDA that is the subject of this Action or any supplements and amendments thereto. For avoidance of doubt, attorneys and in-house personnel are not precluded from correspondence with or engaging in activities, including litigation, before or involving the FDA or an equivalent foreign agency relating to (a) obtaining or maintaining approval for a party's own NDA, ANDA, or equivalent foreign application, including but not limited to responding to or commenting on Citizen Petitions and/or FDA correspondence that would affect the regulatory status of the party's own NDA or ANDA; (b) clinical trials concerning a product that is the subject of a party's own NDA or ANDA; and/or (c) obtaining new approved indication(s) for a party's own NDA, ANDA, or equivalent foreign application. No individual specified in Sections IV.A.1-2 may use or rely on Designated Confidential Information produced by any other party to counsel their party concerning activities required to obtain or maintain regulatory approvals.

## V.    COURT FILINGS

All documents of any nature, including briefs, memoranda, motions, letters or other documents that are filed with the Court ("Filings"), and have been designated

as containing Designated Confidential Information, shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means in effect at the time of filing (the "Procedures"), which shall include filing a cover sheet through CM/ECF indicating that the Filing is being made under seal. All such Filings shall be released from confidential treatment by the Court only upon further order of the Court. In addition, Filings designated as containing Designated Confidential Information shall be filed in hard copy with the Clerk's office as provided in Section (G)(1) of the Procedures and shall contain the following language, as appropriate, on the cover page: "CONFIDENTIAL INFORMATION – FILED UNDER SEAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION – FILED UNDER SEAL – SUBJECT TO PROTECTIVE ORDER."

Where a Filing with the Court includes exhibits or attachments that have been designated as Designated Confidential Information under this Order, such Filing shall comply with the provisions of Section (G) of the Procedures, including, without limitation, the requirement that a redacted copy of the Filing be filed electronically for public inspection within seven (7) days.

Upon the failure of the filing or lodging party to properly designate information, any party or third party who in good faith believes that designation and

filing under seal is required may move the Court to file said information under seal within fourteen (14) days of learning of the defective filing or lodging.  Notice of such designation shall be given to all parties in the Action.  Nothing in this provision relieves a party of liability for damages caused by failure to properly file Designated Confidential Information under seal.  The burden of proving that such information should be sealed shall at all times remain on the party which designated the information as Designated Confidential Information.

## VI.   USE BY PARTIES OF DESIGNATED CONFIDENTIAL INFORMATION

**A.**     Designated Confidential Information may only be used, relied upon, and referred to in any testimony or other evidence presented at any trial, hearing, or deposition in connection with this Action consistent with and under the terms of this Order, and subject to any further order of this Court regarding confidentiality, as follows:

> 1.     A party may examine, at a deposition, hearing or trial, persons who are authorized to receive Designated Confidential Information under the terms of this Order, to the extent that such persons are permitted access to such information under this Order, or as otherwise permitted by the Court; and

> 2.     A party may examine, at a deposition, hearing or trial, persons who are not authorized to receive Designated Confidential

Information under the terms of this Order, so long as such examination concerns Designated Confidential Information: (a) for which the Producing Party is the witness's current employer, (b) that the witness authored or previously had access to or knowledge of, as demonstrated by the Designated Confidential Information itself or by foundation testimony during a deposition, hearing or trial, (c) for which the witness is the Producing Party's Federal Rule of Civil Procedure 30(b)(6) deposition designee for the subject matter of the Designated Confidential Information, or (d) as otherwise permitted by the Court. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of Designated Confidential Information. Further, this Order shall not prevent counsel from impeaching, contradicting or confronting such a witness at trial with Designated Confidential Information.

## VII.  ATTENDEES OF DEPOSITIONS

Consistent with the other provisions of this Order, when a party's or third party's Designated Confidential Information is discussed or disclosed during a deposition, the party or third party may exclude from the deposition any person not

authorized under this Order to have access to the Designated Confidential Information while the Designated Confidential Information is disclosed or discussed.

## VIII.  ATTORNEY ADVICE TO CLIENT

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Designated Confidential Information; provided, however, that in rendering such advice the attorney shall not disclose any Designated Confidential Information to unauthorized persons.

## IX.    CHALLENGES TO DESIGNATION

A Receiving Party's acceptance of Designated Confidential Information from a Producing Party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G).  This Order shall not foreclose any party from moving for an order that Designated Confidential Information is not (1) HIGHLY CONFIDENTIAL within the meaning of this Order, (2) CONFIDENTIAL within the meaning of this Order or of Federal Rule of Civil Procedure 26(c)(1)(G), or (3) otherwise subject to protection from disclosure by the Court.  Prior to bringing such a motion, however, the Receiving Party shall first request in writing that the Producing Party change or remove its confidentiality designation.  If the Producing Party refuses to change its

confidentiality designation within seven (7) business days, the Receiving Party may move for an order changing or removing the designation.  On such a motion, the Producing Party shall have the burden of proving that the Designated Confidential Information embodies, constitutes, contains, reveals, relates to or reflects sensitive, proprietary information, such as trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or is subject to protection from disclosure by the Court under this Order or otherwise.

## X.    CORRECTION OF INADVERTENT FAILURE TO DESIGNATE

**A.**    The inadvertent disclosure and/or production of any information, document, or tangible item without one of the designations provided by this Order, or misdesignated under this Order, shall not constitute a waiver of any claim of confidentiality.  Where such undesignated or misdesignated disclosure or production resulted from inadvertence or mistake on the part of the Producing Party, such inadvertent undesignated or misdesignated disclosure and/or production shall be brought to the attention of the Receiving Party in writing within seven (7) business days of the discovery of the inadvertent undesignated or misdesignated disclosure and/or production.  Within seven (7) business days of the notice of such inadvertent

undesignated or misdesignated disclosure and/or production, the Producing Party shall provide properly designated documents and/or tangible items, as applicable.

**B.** Upon receipt of such notice, the Receiving Party shall honor the provision of this Order and treat the previously undesignated or misdesignated information, documents, or tangible items as Designated Confidential Information;

**C.** Upon receipt of properly designated replacement information, documents or tangible items, as applicable, the Receiving Party shall substitute properly designated copies for those previously received and return to outside counsel for the Producing Party or third party all such previously undesignated or misdesignated information, documents, or tangible items with all copies, or certify destruction thereof, within seven (7) business days after receiving the substitute copies; and

**D.** Under such circumstances, the Receiving Party shall have no liability due to any disclosure of the information which occurred before the receipt of notice of inadvertent undesignated or misdesignated, disclosure or production. However, the Receiving Party shall attempt, in good faith and without undue burden, to retrieve any previously undesignated or misdesignated information, documents or tangible

items, including all copies from any persons who are not authorized to receive Designated Confidential Information under this Order.

## XI.    INADVERTENT DISCLOSURE BY RECEIVING PARTY

Should any Designated Confidential Information be disclosed by a Receiving Party to any person not authorized to have access to such information under this Order, the Receiving Party shall: (A) use its best efforts to obtain the prompt return of any such Designated Confidential Information; (B) promptly inform such person of the provisions of this Order and use best efforts to bind such person to the same by having such person sign an undertaking in the form of **Exhibit A** attached hereto; and (C) within three (3) business days of the discovery of such disclosure, identify such person to the Producing Party.  If executed, the undertaking shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party.  The requirements set forth in this Section XI shall not prevent the Producing Party from applying to the Court for further or additional relief.

## XII.  NO REQUIREMENT TO WAIVE PRIVILEGE; REDACTIONS

Nothing in this Order shall be construed to require disclosure of information, documents or tangible items that counsel contends are protected from disclosure by the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity.

Documents and things produced or made available for inspection may be subject to redaction, in good faith, by the Producing Party, of information that the Producing Party believes is: (i) commercially sensitive, non-responsive information on products, or products in development, that are not at issue in this Action; (ii) information subject to privacy and security protection under The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or other applicable U.S. or foreign data security and privacy laws or regulations; (iii) subject to the attorney-client privilege; or (iv) subject to the attorney work-product or immunity from production. Each redaction, regardless of size, shall be clearly labeled as redacted, such as by black-boxing the redacted text. This Section shall not be construed as a forfeiture or wavier of any party's right to seek disclosure of redacted information. All redactions of commercially sensitive, non-responsive information shall be marked as "NR" or "Non-Responsive," or a similar marking. All redactions based on privacy or security shall be marked as "HIPAA" or "PI" to indicate protected personal information, or a similar marking. All redactions based on attorney-client privilege or work-product immunity shall be marked as "Priv" or "Privileged," or similar marking.

If a party produces a redacted document, each page on which information has been redacted shall be marked to indicate the redaction, and the Producing Party shall preserve an unredacted version of the redacted document. The process to

29

challenge the designation of redactions shall follow the process for challenging the designation of Designated Confidential Information set forth in Section IX or Section XIII as applicable.

The Parties agree to exclude from discovery all draft expert reports and declarations of an expert or consultant and all communications between a Party and an expert or consultant, as well as any staff, support personnel, contract laboratory, or agent of such expert or consultant.  However, where an expert or consultant is providing a report under Fed. R. Civ. P. 26(a)(2), the parties must comply with the disclosure requirements of Rule 26.

## XIII.  INADVERTENT PRODUCTION

**A.**    Disclosure (including production) of documents or information that a Producing Party later claims is protected by the attorney-client privilege, work product doctrine, or other privilege or immunity (the "Privileged Information") shall not constitute a waiver of, or estoppel as to any claim of privilege or other protection, either as to the Privileged Information or as to any other documents or communications embracing the same or similar subject matter, in the Action or any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**B.**    Upon discovery by a Producing Party that it did or may have produced Privileged Information, the Producing Party shall, within seven (7) business days of

such discovery, request the return or destruction of such Privileged Information by sending a written notification ("Clawback Notice") to the Receiving Party, which shall identify the Privileged Information and the basis on which the Privileged Information should have been withheld from production.

**C.**    Subject to Section XIII.D, the Receiving Party shall, within five (5) business days of receipt of a Clawback Notice, destroy, delete, or return to the Producing Party all Privileged Information identified in the Clawback Notice, and all copies thereof, as well as all notes, memoranda, or other documents that summarize, discuss, or quote the Privileged Information.  The Receiving Party shall also take reasonable steps to retrieve any copies of the Privileged Information if the Receiving Party disclosed it before being notified.  The Receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information.  The Producing Party shall, within five (5) business days of the date of the Clawback Notice, reproduce any document that is comprised only partially of Privileged Information with the Privileged Information redacted.

**D.**    If a Receiving Party disagrees with a claim of privilege set forth in a Clawback Notice, it shall notify the Producing Party and provide the basis for disputing the privilege claim in writing within five (5) business days of receiving a Clawback Notice (a "Privilege Challenge Notice").  To the extent a Receiving Party fails to provide said notice within five (5) business days of receiving a Clawback

Notice, any objection to the Clawback Notice is deemed waived. If the Receiving Party provides the notice contemplated hereunder within the contemplated time frame, the Receiving Party may retain one copy of any document claimed to be subject to the applicable privilege solely for use in connection with a motion to the Court to challenge the assertion of privilege. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Following receipt of a timely Privilege Challenge Notice, the parties shall have five (5) business days to meet and confer in a good faith attempt to resolve the dispute without involvement of the Court. If the parties cannot reach a resolution, the Receiving Party shall have five (5) business days from the date of the meet-and-confer to make a motion to compel production of the returned information. If such a motion is made, the Receiving Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any privilege or protection. The obligations of the parties set forth in this Section XIII.D apply irrespective of the care taken by the Producing Party to prevent inadvertent disclosure, and a Receiving Party bringing a motion to compel production of clawed-back Privileged Information shall not rely upon in any manner or assert as a ground for ordering production the facts or circumstances of the production of the disputed Privileged Information. If the motion referred to in this

Section XIII.D is not served or filed within five (5) business days after the parties meet and confer, then the Receiving Party waives its right to make such motion, and the Privileged Information must be destroyed or returned. Notwithstanding the exceptions set forth in this Section XIII.D, the Receiving Party shall certify to the Producing Party that the document claimed to be subject to the applicable privilege has been destroyed or returned. Such return shall not constitute an acknowledgement that the claimed document or information is in fact privileged or entitled to the claimed privilege or immunity.

> **E.**    If a Receiving Party receives information that the Receiving Party reasonably believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party. The parties shall then follow the procedures set forth in this Section XIII with respect to the information so identified by the Receiving Party if applicable.

## XIV.  OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a subpoena, motion, or other legal process to disclose another party's Designated Confidential Information whose

33

disclosure is restricted by this Order shall promptly notify the Producing Party of the subpoena, motion, or other legal process so that the Producing Party may have an opportunity to appear and be heard on whether that Designated Confidential Information should be disclosed.

The Producing Party shall then have the right to challenge the subpoena or otherwise contest production of its Designated Confidential Information, consistent with the requirements of Federal Rule of Civil Procedure 45. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of Designated Confidential Information covered by this Order, or to subject itself to penalties for noncompliance with any legal process or order.

## XV.  DESIGNATED CONFIDENTIAL INFORMATION RECEIVED FROM THIRD PARTIES

If, in responding to a discovery request, subpoena, other legal process or otherwise, a third party discloses Designated Confidential Information belonging to or owned by a party to this Action, the information disclosed by the third party shall be afforded the same protection as if it were received from a Producing Party under this Order. In such an event, a party, in good faith believing the information disclosed to be its Designated Confidential Information, may designate such information pursuant to this Order.

Likewise, a third party disclosing its own or a party's Designated Confidential Information may do so under the terms of this Order if the third party first agrees in writing to the terms of this Order by executing an acknowledgement and undertaking in the form of **Exhibit B**. Any party subject to this Order may challenge the designation of information received from third parties under the provisions contained in Section IX of this Order.

## XVI.  ADDITIONAL PROVISIONS

**A.**    This Order shall not prevent any party from applying to the Court for further or additional protective orders, including an order requiring a Receiving Party to provide access to Designated Confidential Information to any person not entitled to such access under this Order.

**B.**    Privileged communications and attorney work product regarding this Action that are dated on or after January 27, 2023, need not be identified on any privilege log.

**C.**    Nothing in this Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

**D.**    This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this Action. Neither the agreement of the parties, nor the designation of any information, document, or the like as

CONFIDENTIAL or HIGHLY CONFIDENTIAL, nor the failure to make such designation shall constitute evidence with respect to any issue in this Action.

## XVII. PROTECTED INFORMATION AFTER TERMINATION OF THIS ACTION

A.      This Order shall survive the final termination of this Action.  "Final termination" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time.

B.      After final termination of this Action, outside counsel for a Receiving Party may retain one archival copy of deposition transcripts, deposition exhibits, expert reports and exhibits thereto, Court transcripts, Court exhibits and other submissions to the Court, including any Designated Confidential Information contained therein.  Within sixty (60) days after final termination of this Action, including any appeals, or at a later date by agreement of the parties, all additional Designated Confidential Information of a Producing Party in the possession, custody or control of a Receiving Party – or in the possession, custody or control of any person allowed access to such information under Section IV of this Order – must either be: (1) returned to outside counsel for the Producing Party; or (2) destroyed and such destruction certified in writing to outside counsel for the Producing Party.

Nothing in this Order requires the return or destruction of attorney work product or attorney-client communications of any party that are maintained and stored in the regular course of business. If another defendant party is added to this Action, by joinder, consolidation, or otherwise, then as to Defendants SPIL and SPI the language "[w]ithin sixty (60) days after final termination of this Action" shall be read as "within sixty (60) days after dismissal of SPIL and SPI from this Action," and "a Producing Party" shall refer to SPIL and SPI.

C.    The Court retains jurisdiction even after the termination of the Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may deem appropriate.

**AGREED AND STIPULATED TO**:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Sara M. Metzler*

_____
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendants Sun Pharmaceutical Industries Ltd. and Sun Pharmaceutical Industries Inc..*

OF COUNSEL:

Nicholas Groombridge
Josephine Young
Peter Sandel
Jenny Wu
Daniel Klein
Naz E. Wehrli
Joshua Reich
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY  10017
(332) 269-0030

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN
    & STONE LLP
801 17th Street NW, Suite 1050
Washington, DC  20006
(202) 505-5830

May 31, 2024

OF COUNSEL:

Brian Sodikoff
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL  60661
(312) 902-5462

Christopher B. Ferenc
KATTEN MUCHIN ROSENMAN LLP
2900 K Street NW, Suite 200
Washington, DC  20007
(202) 625-3500

SO ORDERED this 31st day of May 2024.

/s/ Colm F. Connolly
_____
The Honorable Colm F. Connolly
Chief, United States District Court Judge

38

## **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and | ) | |
| NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1459-CFC |
| | ) | **ANDA CASE** |
| SUN PHARMACEUTICAL INDUSTRIES | ) | |
| LTD. and SUN PHARMACEUTICAL | ) | |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### **UNDERTAKING AND ACKNOWLEDGEMENT OF**
### **STIPULATED PROTECTIVE ORDER**

I, _____, hereby attest as follows:

1.    My present employer is _____, and

my present work address is _____

_____.

2.    My present title, occupation, and/or job description is

_____

_____.

3.    I understand that under the terms of the Stipulated Protective Order

attached to this Undertaking and Acknowledgement, Designated Confidential

Information may be disclosed to me.  I have read and understand the provisions of

the Stipulated Protective Order entered in this Action, and I will comply with the provisions of that Stipulated Protective Order. I consent to be subject to the jurisdiction of the Court for the purpose of enforcing this Stipulated Protective Order and this Undertaking and Acknowledgement. I understand that if I violate the provisions of this Stipulated Protective Order, the Court may order the entry of contempt sanctions against me.

4.    I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Designated Confidential Information or any summaries, abstracts, or indices of any Designated Confidential Information that is disclosed to me or that I prepare.

5.    Upon conclusion of the Action, including appeal, I will return to outside counsel for the party for whom I was employed, retained or acted as witness, or destroy, all Designated Confidential Information and any summaries, abstracts, and indices thereof, and documents or materials that I received or prepared relating thereto that are in my possession.

6.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          _____
Date                             Signature

_____          _____
Name                             Title

2

## EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVO NORDISK INC. and<br>NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1459-CFC |
| | ) | **ANDA CASE** |
| SUN PHARMACEUTICAL INDUSTRIES | ) | |
| LTD. and SUN PHARMACEUTICAL | ) | |
| INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF ELECTION TO ADOPT
## STIPULATED PROTECTIVE ORDER

1. _____, a non-party to the above-captioned Action, has been requested and/or subpoenaed by a party to produce discovery containing Designated Confidential Information in connection with the Action.

2. _____ hereby elects to adopt the terms of the Stipulated Protective Order with regard to its terms regarding production of Designated Confidential Information.

3. The provisions of the Stipulated Protective Order shall apply to all information, documents, and items produced by _____ as if such discovery were being provided by a party. _____ shall have

the same rights and obligations under the Stipulated Protective Order as held by the parties.

_____       _____
Date                                           Signature

_____       _____
Name                                           Title